```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA
```

**JAMES F. MCKAY, III, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                          **No. 06-5238**

**STATE FARM INSURANCE COMPANY**                    **SECTION: I/5**

### ORDER AND REASONS

Before the Court is a motion to remand, filed on behalf of plaintiffs, James F. McKay, III, and Marie S. McKay. Defendant in this matter is State Farm Insurance Company ("State Farm"). For the following reasons, plaintiffs' motion to remand is **DENIED.**

### *BACKGROUND*

On or about August 29, 2005, Hurricane Katrina struck the New Orleans region, causing damage to plaintiffs' home located at 946 French St., New Orleans, Louisiana.[1] Plaintiffs allege that the winds of Hurricane Katrina destroyed the contents of the home and the home itself.[2] Plaintiffs had both homeowner's and flood policies with the defendant at the time of the hurricane.[3] The flood policy benefit was paid in full to the plaintiffs and,

---

[1] Rec. Doc. No. 1-2, p. 1.

[2] Rec. Doc. No. 1-2, p. 1.  According to plaintiffs, the winds destroyed portions of the roof, which allowed rainwater to penetrate and destroy the interior of the home.  Rec. Doc. No. 1-2, p. 2.

[3] Rec. Doc. No. 1-1, p. 2.

therefore, only the homeowner's policy is in dispute.[4]  Defendant initially offered $21,703.44, less a deductible of $2,229.50, to settle with plaintiffs.[5]  Defendant subsequently provided plaintiffs with two statements of loss, which failed to satisfy plaintiffs.[6]

On August 2, 2006, plaintiffs filed suit against defendant, State Farm, in Civil District Court for the Parish of Orleans.[7]  Plaintiffs allege that there are still claims outstanding on loss of use, damages to replace the contents, and damages to repair the interior and exterior of plaintiffs' residence.[8]  Plaintiffs allege that defendant is also liable for loss of use expenses.[9]  Finally, plaintiffs argue that they are entitled to attorney's fees, costs, and penalties for defendant's bad faith and arbitrary and capricious actions.[10]

On August 29, 2006, defendant removed the case to this Court, asserting jurisdiction under 28 U.S.C. §§ 1331, 1332, 1369, and 1441(e).[11]  Plaintiffs moved to remand on September 1,

---

[4] Rec. Doc. No. 1-1, p. 2.

[5] Rec. Doc. No. 1-2, p. 3.

[6] Rec. Doc. No. 1-2, p. 3.

[7] Rec. Doc. No. 1-2, p. 1.

[8] Rec. Doc. No. 1-2, p. 3.

[9] Rec. Doc. No. 1-2, p. 4.

[10] Rec. Doc. No. 1-1, p. 5.

[11] Rec. Doc. No. 1-1, p. 1.

2006.[12]  Plaintiffs argue that the monetary requirement under 28 U.S.C. § 1332 has not been met and that the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. § 1369, does not provide subject matter jurisdiction in this case.[13]

### ANALYSIS

The plaintiffs' first contention is that the amount in controversy does not exceed the $75,000, exclusive of interest and costs, needed to satisfy diversity jurisdiction under 28 U.S.C. § 1332.[14]  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Defendant must prove by a preponderance of the evidence that plaintiffs' claim exceeds the limit either "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'"  *Luckett,* 171

---

[12] Rec. Doc. No. 4-1, pp. 1-2.

[13] Rec. Doc. No. 4-2, p. 1.

[14] Rec. Doc. No. 4-2, p. 1.  Louisiana law states that a plaintiff's petition cannot contain a specific amount of monetary damages.  La. Code Civ. Proc. art. 893(A)(1); *Luckett v. Delta Airlines*, *Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  This prohibition does not apply to a suit on conventional obligations.  La. Code Civ. Proc. art. 893(B).

F.3d at 298 *(*quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). The Court must look at the claims as they existed at the time of removal, and any ambiguities are strictly construed in favor of remand. *Manguno*, 276 F.3d at 723. In considering whether the defendant has met the preponderance standard, "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." *Franklin v. State Farm Ins. Co.*, 2006 WL 2925513, at *2 (E.D. La. Oct. 10, 2006)(Barbier, J.)(citing *Atkins v. Lexington Ins. Co.*, 2006 WL 1968895 (E.D. La. July 12, 2006)(Vance, J.)).

If the defendant meets its burden, then "the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 *(*5th Cir. 1995). This is known as the "legal certainty test." *Id.* It is "not a burden-shifting exercise." *Id.* at 1412. The Fifth Circuit has suggested that this burden may be satisfied by demonstrating that state law prevents recovery in excess of $75,000 or that the plaintiffs are somehow "bound irrevocably" to an amount under the federal jurisdiction limit. *De Aguilar*, 47 F.3d at 1412; *Franco v. Teasdale*, 2006 WL 2224743 (E.D. La. Aug. 1, 2006) (Africk, J.).

As previously stated, defendant must prove by a preponderance of the evidence that removal is appropriate.

Defendant has met that burden because it is "facially apparent" from plaintiffs' complaint that they seek to recover more than $75,000.  Plaintiffs state in their complaint that they are entitled to the full value of the insurance policy,[15] the contents coverage of which is $134,450.00.[16]  Notably, plaintiffs allege that "[t]he building, ancillary building and contents were a total loss entitling plaintiffs to the full insurable amount shown on their policy for buildings and contents."[17]

In listing the financial losses suffered, plaintiffs state that they "have suffered damages for the total insured amount contained in the policy of insurance for building and contents."[18]  Finally, plaintiffs note that they have incurred attorneys fees and suffered damages and penalties, which are recoverable under Louisiana law, because of defendants' arbitrary and capricious actions.[19]

---

[15] Rec. Doc. No. 1-2, p. 1.

[16] Rec. Doc. No. 1-2, pp. 3-4.

[17] Rec. Doc. No. 1-2, p. 1.

[18] Rec. Doc. No. 1-2, p. 5.  Plaintiffs also allege,

> State Farm, to date, refuses to pay or even consider plaintiffs' contents losses in spite of the fact that plaintiffs purchased contents coverage in the amount of $134,450.00.  Plaintiffs are also entitled to loss of use in the minimum amount of $24,000.00 for a period of 24 months after they were forced to evacuate their residence.

Rec. Doc. No. 1-2, pp. 3-4.

[19] Claims for attorney's fees and penalties pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied.  *See, e.g.*, *Manguno v. Prudential Property and Cas. Ins.*

The only evidence to the contrary in the complaint is the stipulation that plaintiffs' damages will not exceed $74.999.99.[20]  In *Crosby v. Lassen Canyon Nursery, Inc.*, plaintiffs submitted a sworn affidavit stipulating that their damages did not exceed $75,000, and that they "agree not to seek damages in excess of $75,000."  No. 02-2721, 2003 WL 22533617, at *3 (E.D. La. Nov. 3, 2003) (Vance, J.).  The Court found plaintiffs' sworn affidavit insufficient because it would not bind a state court.[21]  In particular, the Court noted, "[P]laintiffs do not stipulate that they would not accept more than $75,000 if a state court awarded it."  *Id.*  The stipulation in this case is less definitive than that in *Crosby* and, therefore, it does not bind the Court.

The stipulation may be considered as evidence in determining whether the amount in controversy requirement has been met.  *Moore v. J.C. Penney Co.*, 2000 U.S. Dist. LEXIS 1929 (E.D. La. Feb. 18, 2000) (Berrigan, J.).  Yet, it is facially apparent that the assertions in the complaint repeatedly contradict the

---

*Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Poynot v. Hicks*, No. 02-2068, 2002 WL 31040174, at *3 (E.D. La. Sept. 12, 2002) (Zainey, J.) (considering claims for penalties and attorney's fees pursuant to the Louisiana Insurance Code in determining whether amount in controversy requirement was satisfied).

[20] Rec. Doc. No. 1-2, p. 1.  "Plaintiffs stipulate that their damages will not exceed $74,999.99."  *Id.*

[21] Under Louisiana law, plaintiffs are not limited to recovery of the damages requested in their pleadings.  La. Code Civ. Proc. art. 862.

stipulation, as the complaint alleges that plaintiffs are entitled to and have suffered damages for the total insured amount.

While plaintiffs analogize to *Atkins v. Lexington Insurance Co.*, in that case remand was appropriate because the plaintiff's complaint did not assert that the plaintiff was pursuing the full value of the insurance policy, even though the insurance policy exceeded $75,000.[22] 2006 WL 1968895, at *2 (E.D. La. July 12, 2006) (Vance, J.); *see also Franklin v. State Farm Ins. Co.*, 2006 WL 2925513, at *2 (E.D. La. Oct. 10, 2006)(Barbier, J.). In the present case, plaintiffs' complaint repeatedly indicates that plaintiffs intend to pursue the full value of their policy which exceeds $134,450.

Since defendant has satisfied its burden, plaintiffs must demonstrate to a "legal certainty" that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869; *Franco*, 2006 WL 2224743, at *1. Plaintiffs have failed to do so. The non-binding stipulation contained within plaintiffs' complaint is insufficient, and plaintiffs have offered no other proof to establish "as a matter of law, it is certain" that they will not be able to recover more than $75,000. *De Aguilar*, 47 F.3d at

---

[22]In *Atkins*, contrary to this case, it was not facially apparent that plaintiff's claims exceeded $75,000, especially since there was an absence of any specific claims about the extent of damage to plaintiff's property. 2006 WL 1968895, at *2-3.

1411. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and need not reach the issue of whether there is jurisdiction under the other statutes asserted by defendant.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that plaintiffs' motion to remand[23] is **DENIED**.

New Orleans, Louisiana, November __15th__, 2006.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[23] Rec. Doc. No. 4-1.